JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tracy Focht

## DEFENDANTS

Dale W. Wayne, III aka Dale W. Whitten, III and United States of America etal.

**(b)** County of Residence of First Listed Plaintiff   Berks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   York County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Christine V. Clarke, Esquire 6102797000
518 E. Township Ln. Rd. Ste. 100, Blue Bell, PA 19422

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [x] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.S §2671

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
12/16/2021

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE US DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY FOCHT | : | |
| 24 S. 23rd Street | : | |
| Reading, PA 19074 | : | CIVIL ACTION - LAW |
| Plaintiff, | : | |
| v. | : | No. |
| | : | |
| DALE W. WAYNE, III a/k/a | : | |
| DALE W. WHITTEN, III | : | |
| 546 Bull Run Road | : | |
| Wrightsville, PA 17368 | : | |
| | : | |
| and | : | |
| | : | |
| UNITED STATES OF AMERICA, d/b/a | : | |
| UNITED STATES DEPARTMENT OF | : | |
| THE ARMY, and d/b/a UNITES STATES | : | |
| ARMED FORCES | : | |
| 22 Ashburn Drive, Room 104 | : | |
| Carlisle, PA 17013-5000, | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

1.       Plaintiff, Tracy Focht (hereinafter, "Plaintiff"), is an adult individual and citizen of the United States of America, who resides at the above referenced address in Berks County, Pennsylvania.

2.       Defendant, Dale W. Wayne, III, a/k/a Dale W. Whitten, III, (hereinafter, "Defendant Driver") is an adult individual who resides at the above referenced address in York County, Pennsylvania.

3.       Defendant, United States of America d/b/a The United States Department of the Army and d/b/a The United States Armed Forces (hereinafter "Defendant USA"), is a sovereign entity with offices located at the above referenced address in York County, Pennsylvania.

4.      The action against Defendants is one arising under the Federal Tort Claims Act, 28 U.S.C.S §2671, et seq., and this Honorable Court is vested with jurisdiction pursuant to 28 U.S.C.S. §1346(b).

5.      Venue in the Eastern District of Pennsylvania is proper pursuant to 28 U.S.C.S. §1402(b) as Plaintiff resides in the District.

6.      At all times relevant to this action, Defendant USA operated a United States Department of Army and United States Armed Force's (hereinafter "USAF") military facility and barracks located at 22 Ashburn Drive, Carlisle, York County, Pennsylvania, known as the US Army War College and Carlisle Barracks (hereinafter "USAWC").

7.      At all times relevant hereto, Defendant USA, acted and/or failed to act directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen, members, and/or employees, all in the course and scope of such relationship with Defendant USA, the USAF and the USAWC.

8.       At all times relevant hereto, Defendant USA, operating the USAF and USAWC, was responsible for the acts and/or failure to act of its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees who were acting within the course and scope of such relationship with Defendant USA.

9.      On or about April 6, 2019, at approximately 4::54 p.m., Plaintiff was the operator of a 2002 Hyundai (hereinafter, "Plaintiff's vehicle") traveling eastbound on State Route 30 in Springsettsbury Township, York County, Pennsylvania.

10.      At the aforesaid time and location, Defendant Driver was the operator of a 2000 military vehicle (hereinafter, Defendants' vehicle") also traveling eastbound on State Route 30 in Springsettsbury Township, York County, Pennsylvania.

11.     At the aforesaid time and location, Defendant Driver, traveling at an excessive rate of speed and inattentive to traffic conditions, suddenly and without warning negligently and carelessly attempted to merge into Plaintiff's lane of travel, violently crashing into Plaintiff's vehicle and causing Plaintiff's vehicle to spin out of control.

12.     Upon information and belief, at all times relevant, Defendant USA d/b/a USAF was the registered owner of Defendants' vehicle.

13.      Upon information and belief, at all times relevant, Defendant Driver was operating Defendants' vehicle with Defendant USA's express permission

14.     At all times relevant, Defendant Driver was acting within the course and scope of his employment, agency, position with and/or authority for Defendant USA.

15.     The aforesaid crash (hereinafter, the "Crash") was solely, proximately, and directly caused by Defendants' individual, joint and/or several negligence and carelessness, as set forth herein.

16.     As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness and the resulting Crash, Plaintiff suffered serious, permanent, and/or debilitating personal injuries.

17.     As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness and the resulting Crash, Plaintiff has suffered and may in the future continue to suffer debilitating bodily injuries, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and serious impairment of one or more bodily functions.

18.     As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the aforesaid Crash, and Plaintiff's resulting injuries, Plaintiff has

undergone and may in the future undergo various reasonable and necessary medical treatments.

19.     As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the aforesaid Crash, and Plaintiff's resulting injuries, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure Plaintiff's injuries.

20.     As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the aforesaid Crash, and Plaintiff's resulting injuries, Plaintiff has been and may in the future be hindered and/or prevented from attending to and/or fully performing her usual and customary duties, hobbies and/or avocations, to her ongoing detriment and loss.

21.     As a direct and proximate result of the Crash, Defendant's negligence and carelessness, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be required to spend money for household help, to her ongoing detriment and financial loss.

22.     As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the aforesaid Crash, and Plaintiff's resulting injuries, Plaintiff has been prevented and may in the future may be prevented from being gainfully employed, resulting in a loss of earning and/or an impairment of her earning capacity.

23.     Plaintiff, in no manner contributed to the Crash or her injuries, which directly and proximately resulted from the individual, joint and/or several negligence and carelessness of the Defendants.

24.     Plaintiff has fully complied with all notice requirements of the Federal Tort Claims Act at 28 USC Section 2675.

## COUNT I-NEGLIGENCE
### Tracy Focht v. Dale W. Wayne, III a/k/a Dale W. Whitten, III

25.     Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

26.     The individual, joint and/or several negligence of Defendant Driver included:

a. Operating Defendants' vehicle in such a manner as to cause the Crash, specifically failing to maintain the Vehicle within his travel lane;

b. Operating Defendants' vehicle while unable to see clearly or to judge distances in a reasonable and ordinary fashion;

c. Operating his vehicle in such a manner as to cause the Crash, specifically changing lanes of travel when it was not safe to do so;

d. Operating Defendants' vehicle without due regard for the rights, safety and wellbeing for Plaintiff, under the aforesaid circumstances;

e. Operating Defendants' vehicle too fast for road and/or traffic conditions;

f. Operating Defendants' vehicle while distracted from the roadway conditions;

g. Failing to warn of the approach of Defendants' vehicle;

h. Failing to properly maintain Defendants' vehicle in a manner to permit safe operation when traveling upon roadways;

i. Failing to take evasive action in order to avoid a Crash;

j. Failing to keep a proper lookout for other vehicles lawfully upon the road;

k. Operating Defendants' vehicle in violation of 75 Pa.C.S. §3714A, careless driving;

l. Operating Defendants' vehicle in violation of 75 Pa.C.S. §3309, driving on roadways laned for traffic;

m. Operating Defendants' vehicle in violation of Pa.C.S. §3334; Turning Movements and Required Signals; and

n. Operating Defendants' vehicle in violation of 75. Pa.C.S. §3331; Required Position and Method of Turning.

WHEREFORE, Plaintiff, Tracy Focht, demands judgment in her favor and individually, jointly, severally, and specifically against Defendant, Dale W. Wayne, III a/k/a Dale W. Whitten,

III, in an amount in excess of the judicial amount for arbitration, One Hundred Fifty Thousand Dollars ($150,000), together with such further relief as this Honorable Court may deem appropriate.

**COUNT II – VICARIOUS LIAIBLITY**
**Tracy Focht v. United States of America**
**d/b/a The United States Department of the Army**
**and d/b/a The United States Armed Forces**

27.     Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

28.     At all times relevant hereto, the Defendant Driver was in the course and scope of his employment, agency, and/or authority as a driver for Defendant USA.

29.     At no time relevant to this action did Defendant Driver commit, engage and/or partake in a "frolic and detour" from his appointed and/or assigned route, destination and/or mission on behalf of Defendant USA.

30.     For all acts and omissions and violations of state and federal laws for which Defendant Driver is liable, Defendant is vicariously liable for such acts and omissions as his employer, principal and/or master.

WHEREFORE, Plaintiff, Tracy Focht, demands judgment in her favor and individually, jointly, severally, and specifically against Defendant, United States of America, d/b/a The United States Department of the Army, and d/b/a The United States Armed Forces, in an amount in excess of the judicial amount for arbitration, One Hundred Fifty Thousand Dollars ($150,000), together with such further relief as this Honorable Court may deem appropriate.

**COUNT III – NEGLIGENCE**
**Tracy Focht v. United States of America**
**d/b/a The United States Department of the Army**
**and d/b/a The United States Armed Forces**

31.     Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

32.     The individual, joint and/or several negligence and carelessness of Defendant USA, directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, including Defendant Driver, in the course and scope of such relationship, includes:

e.  Operating Defendants' vehicle in such a manner as to cause the Crash, specifically failing to maintain the Vehicle within his travel lane;

f.  Operating Defendants' vehicle while unable to see clearly or to judge distances in a reasonable and ordinary fashion;

g.  Operating his vehicle in such a manner as to cause the Crash, specifically changing lanes of travel when it was not safe to do so;

h.  Operating Defendants' vehicle without due regard for the rights, safety and wellbeing for Plaintiff, under the aforesaid circumstances;

m.  Operating Defendants' vehicle too fast for road and/or traffic conditions;

n.  Operating Defendants' vehicle while distracted from the roadway conditions;

o.  Failing to warn of the approach of Defendants' vehicle;

p.  Failing to properly maintain Defendants' vehicle in a manner to permit safe operation when traveling upon roadways;

q.  Failing to take evasive action in order to avoid a Crash;

r.  Failing to keep a proper lookout for other vehicles lawfully upon the road;

s.  Operating Defendants' vehicle in violation of 75 Pa.C.S. §3714A, careless driving;

t.  Operating Defendants' vehicle in violation of 75 Pa.C.S. §3309, driving on roadways laned for traffic;

o.  Operating Defendants' vehicle in violation of Pa.C.S. §3334; Turning Movements and Required Signals;

p.  Operating Defendants' vehicle in violation of 75. Pa.C.S. §3331; Required Position

and Method of Turning;

q.  Creating, promoting and/or fostering a policy and/or custom by which its workers,
    agents, and employees, including Defendant Driver routinely violated state and
    federal laws enacted for the purpose of ensuring the safe operation of vehicles under
    the aforesaid circumstances;

r.  Failing to properly train and/or supervise its workers, agents, and employees,
    including Defendant Driver with respect to the proper and safe operation of vehicles
    under the aforesaid circumstances;

s.  Hiring, employing or otherwise authorizing operators including Defendant Driver
    to operate vehicles under the aforesaid circumstances despite such operators'
    inexperience and incompetence to carefully and safely to do so; and

t.  Failing to take reasonable precautions to prevent Defendant Driver from operating
    a vehicle under the aforesaid circumstances, at a time when Defendant Driver was
    incapable of operating such vehicles safely and with due and proper care for other
    motorists.

WHEREFORE, Plaintiff, Tracy Focht, demands judgment in her favor and against

Defendant, United States of America, d/b/a The United States Department of the Army and d/b/a

The United States Armed Forces, in an amount in excess of the judicial amount for arbitration,

One Hundred Fifty Thousand Dollars ($150,000), together with such further relief as this

Honorable Court may deem appropriate.

OSTROFF LAW, PC
Attorneys for Plaintiff


Date:  12/16/2021          By:    /s/Christine V. Clarke
                                  Christine V. Clarke, Esquire
                                  Attorney Id No.: 314407
                                  Ostroff Law, P.C.
                                  518 E. Township Line Road, Suite, 100
                                  Blue Bell, PA 19422
                                  (610)279-7000

DAS

## <u>Verification</u>

The undersigned, plaintiff in this action, verify that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signors have relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Plaintiff, Tracy Focht